■ STATEN ISLAND NEW YORK CVS, INC., Appellant, v GORDON RETAIL DEVELOPMENT, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents, and NAVE, NEWELL & STAMPFL, LTD., et al., Respondents. FUTURE TECH CONSULTANTS OF NEW YORK, INC., Third-Party Defendant-Respondent, et al., Second Third-Party Defendants. (Action No. 1.) STATEN ISLAND NEW YORK CVS, INC., et al., Appellants, v MXW HOLDING CORP., Respondent. (Action No. 2.) [869 NYS2d 583]

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). Here, the plaintiffs' alleged new evidence had not only been submitted to the Supreme Court in opposition to the original motions, cross motion, and separate cross motion but had also been considered by the court in determining them. Accordingly, that branch of the plaintiffs motion, denominated as one for leave to renew, was, in fact, a motion for leave to reargue (*see* CPLR 2221 [e] [2]; *Passeri v Children's Vil.*, 277 AD2d 366, 367 [2000]; *Lowensohn v Bedford Garden Caterers*, 266 AD2d 266, 267 [1999]), and no appeal lies from an order denying reargument (*see Haggerty v Agawam Realty*, 271 AD2d 408 [2000]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.